**In re SGPA, INC.; Grove Worldwide, LLC; Grove Holdings, LLC; Grove Investors Capital, Inc.; Grove Holdings Capital, Inc.; Grove Capital, Inc.; Crane Acquisition Corp.; Crane Holding Inc.; National Crane Corp., Debtors.**

**Official Committee of Unsecured Creditors, Appellant,**

v.

**SGPA, INC.; Grove Worldwide, LLC; Grove Holdings, LLC; Grove Investors Capital, Inc.; Grove Holdings Capital, Inc.; Grove Capital, Inc.; Grove Finance, LLC; Grove U.S., LLC; Crane Acquisition Corp.; Crane Holding Inc.; National Crane Corp.; Dip Lenders; Senior Lenders; Secured Financing.**

No. 02–1090.

United States Court of Appeals, Third Circuit.

Argued on April 11, 2002.

Opinion Filed April 26, 2002.

Mark C. Ellenberg [Argued], Cadwalader, Wickersham & Taft, Washington, DC, Jason A. Cohen, Eli Bobker, Cadwalader, Wickersham & Taft, Iselin, NJ, Robert E. Chernicoff, Cunningham & Chernicoff, Harrisburg, PA, for Appellant Official Committee of Unsecured Creditors.

Jay Goffman [Argued], George A. Zimmerman, Alan J. Carr, Adam S. Ravin, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY, Dino A. Ross, Reed Smith LLP, Harrisburg, PA, for Appellees Debtors.

Bruce S. Meyer [Argued], Brian S. Rosen, Allison Axenrod, Weil, Gotshal &

Manges LLP, New York, NY, for Appellees Senior Lenders.

Before McKEE and FUENTES, Circuit Judges and POGUE, Judge.

## OPINION OF THE COURT

FUENTES, Circuit Judge.

The Official Committee of Unsecured Creditors appeals from the District Court's dismissal of their appeal of the Bankruptcy Court's order of confirmation of the Debtors' Bankruptcy Plan of Reorganization ("plan"). The District Court dismissed the appeal on the grounds of equitable mootness. Because we find that the District Court did not abuse its discretion in applying equitable mootness to dismiss appellant's case, we affirm.

### I.

Because we write only for the parties, we need not recite the factual or procedural background of this dispute except as may be necessary to our brief discussion. We review a district court's application of the equitable mootness doctrine, a "discretionary balancing of equitable and prudential factors ... rather than the limits of the federal court's authority under Article III," for abuse of discretion. *Nordhoff Investments Inc. v. Zenith Electronics Corp.*, 258 F.3d 180, 182 (3d Cir.2001) (citations omitted). "We accept the lower court's findings of fact 'unless they are completely devoid of a credible evidentiary basis or bear no rational relationship to the supporting data.'" *Id.*

In *In re Continental Airlines*, 91 F.3d 553 (3d Cir.1996) (en banc) ("Continental I"), we established the doctrine of equitable mootness under which a district court may dismiss an appeal from a bankruptcy court as moot "even though effective relief could conceivably be fashioned, [when] implementation of that relief would be inequitable." *Continental I*, 91 F.3d at 559. We

held that five factors must be considered when conducting an equitable mootness analysis:

(1) whether the reorganization plan has been substantially consummated,

(2) whether a stay has been obtained,

(3) whether the relief requested would affect the rights of the parties not before the court,

(4) whether the relief requested would affect the success of the plan, and

(5) the public policy of affording finality to bankruptcy judgments.

*Id.* at 560.

These "factors are given varying weight, depending on the particular circumstances, but the foremost consideration is whether the reorganization plan has been substantially consummated." *In re PWS Holding*, 228 F.3d 224, 236 (3d Cir.2000); see also *Nordhoff*, 258 F.3d at 185 (quoting *Continental I*, 91 F.3d at 560) (noting that substantial consummation is especially important when the plan " 'involves intricate transactions ... or where investors have relied on the confirmations of the plan' "). "In effect, the equitable mootness doctrine prevents a court from unscrambling complex bankruptcy reorganizations when the appealing party should have acted before the plan became extremely difficult to retract. We have noted, however, that the 'doctrine is limited in scope and should be cautiously applied....'" *Nordhoff*, 258 F.3d at 185 (quoting *PWS*, 228 F.3d at 236).

### II.

■ Appellant's main argument is that the District Court abused its discretion because the court failed to find that all five equitable mootness factors weighed in favor of dismissing the appeal. Yet we have explicitly and repeatedly stated that the five factors are to be given varying weight

and that the substantial consummation factor takes priority. See *Nordhoff*, 258 F.3d at 185; *PWS*, 228 F.3d at 236; *Continental I*, 91 F.3d at 560. Even if in none of our reported cases have we affirmed the application of equitable mootness when not all of the factors weighed in favor of such application, by the very terms of the doctrine, a court need not make such a complete finding. The essence of a discretionary standard such as equitable mootness is that a district court has discretion to apply the standard as it sees fit, weighing each factor in its own judgment, as long as that application is reasonable and consistent with this Court's legal interpretations.

It is true, as appellant notes, that in *In re Continental Airlines*, 203 F.3d 203, 210 (2000) (Continental II), and in PWS, we allowed an appeal to proceed when not all factors weighed in favor of the doctrine. Yet in Continental II, the equitable mootness issue was not presented in the district court and no evidentiary record existed. Therefore, we declined to apply the doctrine. See *Continental II*, 203 F.3d at 210. Here, where the court's decision below was based a full record, extensive briefing, and painstaking analysis in its opinion, Continental II has no relevance. Continental II did not establish anything close to the bright line rule appellants propose. In PWS, the court found that the appeal could proceed because, if successful, it would not completely undermine the success of the plan. *PWS*, 228 F.3d at 236–37. In this case, the court reasonably found that a successful appeal by appellants would destroy the consummated plan. This case is different factually from PWS, and again, none of our cases establish a bright line rule that all factors must weigh in favor of mootness.

Accepting appellant's argument here would essentially rob the test of its discretionary character. As we concluded in Nordhoff, the court must "analyze[ ] each of the factors of the equitable mootness test, [and] appropriately balance[ ] these elements." *Nordhoff*, 258 F.3d at 191. Appellants' theory eradicates all notions of discretionary balancing, and must be rejected.

III.

As to the court's substantive analysis of the relevant factors, we find no abuse of discretion in the court's careful consideration. The court extensively detailed its considerations and analysis, and contrary to the implications of appellant's arguments, the court did not simply "mechanically" add up the factors, but assessed each one separately and in conjunction with the others, and concluded that the balance favored dismissal.

Appellant does not dispute that the plan was substantially consummated, but argues that the other factors mitigate this finding. Yet we have declared this factor the "foremost consideration," especially when intricate transactions are involved. *Nordhoff*, 258 F.3d at 185. The court's undisputed finding on this factor weighs heavily in the analysis.

On the second factor, whether a stay was obtained, appellant argues that its failure to seek a stay pending appeal was warranted because the Bankruptcy Court did not initially provide the reasons for its denial of appellant's objection to the bankruptcy plan. Yet as the District Court noted, it was clear from the Bankruptcy Court's order that it denied all objections, and there was no reason not to seek a stay. Dist. Ct. Op. at 14. Appellant notes that it did file for an extension of the automatic ten day stay of the confirmation order pending receipt of the bankruptcy court's factual and legal findings. The fact remains, however, that after that extension was denied, it did not pursue all available remedies, such as seeking a stay pending

appeal under Bankruptcy Rule 8005, as we have required under this factor. See, e.g., *Nordhoff*, 258 F.3d at 186–87; *Continental I*, 91 F.3d at 561–62.

Appellant stresses that on the third factor, the court found that nonparty reliance did not weigh in favor of applying equitable mootness. Appellant argues that we should establish a bright line rule that when this factor is not satisfied, the doctrine cannot be applied. Again, such a notion undercuts the discretion inherent in this doctrine and contradicts our descriptions of the test. Furthermore, we have held that substantial consummation, not third party reliance, is the "foremost consideration." See, e.g., *Nordhoff*, 258 F.3d at 185.

The District Court concluded that based on the record, the parties who relied on the plan were not third parties because they were before the court, and not enough evidence of third party reliance existed to weigh in favor of equitable mootness. We cannot say that the court abused its discretion or that its factual findings are irrational or devoid of any reasonable basis in the evidence, and appellees need not convince us that the court was wrong on this factor for us to affirm the court's decision to apply equitable mootness. See *Nordhoff*, 258 F.3d at 182.

The court's reasoning as to the remaining two factors is sound as well. If successful on the merits, the appeal could have "knocked the legs out of the plan," even if not all of its appellate contentions would have had such an effect, because many of the consummating transactions are irreversible. Dist. Ct. Op. at 17–19. Finally, public policy weighed in favor of affording finality to the bankruptcy judgment, and we noted in Continental I and in Nordhoff that on this factor, we do consider not the merits of the appeal itself. See

*Nordhoff*, 258 F.3d at 190 (quoting *Continental I*, 91 F.3d at 565).

### IV.

■ Finally, appellant argues that by exercising its contractual right to waive the requirement of a final order of confirmation to make the plan effective, appellees forced equitable mootness to be applied to foreclose the appeal and appellees therefore have unclean hands. It is true that the unclean hands rule is relevant when considering an equitable doctrine such as equitable mootness. But as the District Court concluded, appellees' exercise of a contractual right here does not amount to the "fraud, unconscionability, or bad faith" necessary to prevail on an unclean hands argument. See *S & R Corp. v. Jiffy Lube Int'l, Inc.*, 968 F.2d 371, 377 n. 7 (3d Cir.1992). Furthermore, as the court noted, the existence of the power of appellees to exercise its right to waive a final order should have put appellant on notice to seek a stay of the confirmation order pending appeal. By filing for a stay, appellant might have avoided any ill effects of the "unclean hands." Its failure to seek or obtain a stay weighed significantly in the decision to apply equitable mootness.

### V.

For the foregoing reasons, we find that the District Court did not abuse its discretion in dismissing the appeal on the grounds of equitable mootness. We therefore AFFIRM the judgment of the District Court.